UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>LALA MAHA MAQADDEM,<br><br>    Defendant. | No.  2:23-cv-02123-TLN-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

    This action was removed to this court by defendant Lala Maha Maqaddem, proceeding without counsel, from the Los Angeles Superior Court. (ECF No. 1.)[1] Defendant paid the filing fee.

    A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). Because subject matter jurisdiction cannot be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Id.; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

---

[1] This matter is before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

"The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010).

Here, defendant is charged with two felony counts in case number SA098438 in the Superior Court of California, County of Los Angeles. (See ECF No. 1 at 28.) Defendant states there has been "fraudulent conduct" in the State Superior Court. (Id. at 3; see also id. at 20 [alleging defendant was "fraudulently pre-punished"].) Defendant states the case being removed is related to another case that was pending in this court, Maqaddem v. People of the State of California, et al., No. 2:23-cv-0687-DAD-AC.[2] (E.g., id. at 5.)

Defendant's notice of removal states she has been the victim of racism, discrimination, fabricated evidence and a cover up in Los Angeles County. (ECF No. 1 at 25.) Defendant asks the court to

> assume jurisdiction in this matter and protect petitioner as a Moroccan, African American and Muslim from intentional fraud on the court, careless, and reckless non-conformity with jurisprudence and laws, civil rights, and Constitution of [the] United States.

Id. at 24.

Title 28 U.S.C. § 1443 governs removal of criminal actions and provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

////

---

[2] The court takes judicial notice of its records in case number 2:23-cv-0687, which has been transferred to the Central District of California. See Fed. R. Evid. 201; United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) (a court may take judicial notice of undisputed matters of public record, which may include court records).

>   (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443; see also § 1445 ("Procedure for removal of criminal prosecutions").

Section 1443(1), which grants a right of removal to certain petitioners who claim federal rights based on racial equality as a defense to a state prosecution, has been given a "restrictive interpretation" by the United States Supreme Court. California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Petitions for removal under § 1443(1) must satisfy two criteria. Id. First, the petitioner must assert, as a defense to the prosecution, rights arising under a federal statute providing for specific civil rights stated in terms of racial equality. Id. Second, the petitioner must assert the state courts will not enforce these civil rights and must cite a state constitutional provision that purports to command the state courts to ignore the federal rights. Id. Bad experience with the particular State court in question is insufficient to meet these requirements. Id.

Defendant has not met either criteria for removal under § 1443(1). First, defendant does not indicate in her notice of removal that she has asserted, as a defense to prosecution, rights arising under a federal statute providing for specific civil rights stated in terms of racial equality. Second, defendant has not asserted the state courts will not enforce these civil rights. Defendant also has not cited a state statute or constitutional provision that purports to command the state courts to ignore the federal rights.

Section 1443(2) is also inapplicable here because that subsection is limited to removal of criminal cases brought against federal officers and agents. See Alabama v. Kemp, 952 F. Supp. 722, 723 (N.D. Ala. 1997). Defendant has not alleged she is a federal officer or agent.

This court lacks removal jurisdiction over defendant's criminal case. This action should be remanded to state court.

In accordance with the above, IT IS HEREBY RECOMMENDED as follows:

1. This action be REMANDED to the Los Angeles County Superior Court.

////

////

2. The Clerk of Court be directed to serve a certified copy of the order remanding the case on the Clerk of the Los Angeles County Superior Court, and to reference the state case number SA098438 in the proof of service.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 6, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
maqa23cv2123.rmnd